Michael R. Yellin, Esq. – NJ Atty ID #014712008
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: 201-525-6258

Bradley A. Chapin, Esq. – California State Bar No. 232885
(*pro hac vice* forthcoming)
Meredith L. Williams – California State Bar No. 292888
(*pro hac vice* forthcoming)
**RUTAN & TUCKER, LLP**
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035
*Attorneys for Plaintiff, ALO, LLC*

| | |
|---|---|
| ALO, LLC,<br>a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>FORMAN MILLS, INC., a Pennsylvania Corporation; FORMAN MILLS HOLDINGS, LLC, a Delaware Limited Liability Company; SWFM RETAIL GROUP LLC D/B/A FORMAN MILLS, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff ALO, LLC ("Plaintiff" or "Alo"), with a principal place of business at 9830 Wilshire Boulevard, Beverly Hills, California 90212, by and through its undersigned counsel, files this Complaint, against Defendants Forman Mills, Inc., Forman Mills Holdings, LLC, and SWFM Retail Group LLC d/b/a Forman Mills (together, "Forman Mills"), with a principal place of business at 1070 Thomas Busch Memorial Highway, Pennsauken, New Jersey 08110, and DOES 1 through 10 ("DOE Defendants"; with Forman Mills, "Defendants"), and alleges as follows:

## INTRODUCTION: NATURE OF THE ACTION

1. Alo is the owner of the well-known, global apparel and health-and-wellness brand, "ALO" (the "ALO Brand" or "ALO"). Alo has, including through its predecessor in interest, marketed and sold apparel products under the ALO Brand since at least as early as 2006.

2. Because of its continuous and extensive advertising, promotion, and sales efforts, Alo has developed considerable goodwill and reputation in the ALO Brand and Alo's registered trademarks throughout the United States and internationally. Today, ALO is regarded as uniquely and exclusively designating Plaintiff as (i) a premium apparel and health-and-wellness company that specializes in luxury activewear and (ii) the source of its high-quality goods and services.

3. Alo's high-quality product offerings are extensive, including (among other things) products ranging from fashionable athletic and leisure apparel, accessories (including bags), footwear, various athletic products and equipment (including yoga mats and workout blocks), and eyewear, to skincare and a number of other beauty and wellness products and services.

4. Alo has a portfolio of ALO and ALO-formative trademarks (the "ALO Marks"), including marks registered with the United States Patent and Trademark Office (the "USPTO"). Each of Alo's products bears at least one of its distinctive ALO Marks, and as a result of Alo's significant investment in the promotion of those marks, consumers have come to recognize and rely on the ALO Marks as unique indicators of Alo as the source of Alo's premium products.

5. Defendants are engaged in the unauthorized manufacture, distribution, and sale of counterfeit ALO-branded products, using one or more of the ALO Marks on and/or in connection with identical products to those regularly offered by Plaintiff using its ALO Marks. The sale of such counterfeit products by Defendants has caused and continues to cause consumer confusion in the U.S. marketplace and has significantly harmed and continues to significantly harm Alo, its consumers, and the goodwill associated with the ALO Marks and the products offered thereunder.

6. Alo now brings this action for federal trademark infringement, counterfeiting, and false designation of origin, and New Jersey statutory and common law trademark infringement, counterfeiting, and unfair competition with respect to its registered ALO Marks, to put an end to Defendants' unlawful infringing and counterfeiting activities and the significant harm caused to Alo and its reputation, as well as to the ALO Marks and the goodwill associated therewith, and to recover the full monetary damages suffered by Alo as a result therefrom.

## THE PARTIES

7. Plaintiff Alo is a California limited liability company with its principal place of business in Los Angeles County, California, specifically at 9830 Wilshire Boulevard, Beverly Hills, California 90212.

8. On information and belief, Defendant Forman Mills, Inc. is a Pennsylvania corporation with a principal place of business at 1070 Thomas Busch Memorial Highway, Pennsauken, New Jersey 08110.

9. On information and belief, Defendant Forman Mills Holdings, LLC is a Delaware limited liability company with a principal place of business at 1070 Thomas Busch Memorial Highway, Pennsauken, New Jersey 08110.

10. On information and belief, Defendant SWFM Retail Group LLC d/b/a Forman Mills is a Delaware limited liability company with a principal place of business at 1070 Thomas Busch Memorial Highway, Pennsauken, New Jersey 08110.

11. On information and belief, Forman Mills also maintains another business address at 3000 Cindel Drive, Cinnaminson, New Jersey 08077 (as stated on the Forman Mills website: https://formanmills.com/about-us/), and these defendants operate several warehouse-style retail store locations throughout the State of New Jersey as well as in Delaware, Illinois, Indiana,

Maryland, Massachusetts, Michigan, New York, Ohio, Pennsylvania, Washington, D.C., and Wisconsin.

12. Investigation is ongoing into the identities and principal business addresses of the DOE Defendants involved in the manufacture, sale, and distribution of counterfeit goods bearing spurious versions of the ALO Marks as alleged herein; in the meantime, on information and belief, Plaintiff alleges that all Defendants, including the DOE Defendants, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged, and are liable to Plaintiff for the damages and relief sought herein.

13. The identities of the individuals and entities named as DOE Defendants herein are not presently known, but Plaintiff will seek to identify them with the aid of discovery and then amend the Complaint to properly identify them when their proper names have been ascertained.

14. On information and belief, in participating in and/or performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was acting as the agent, partner, servant, employee, alter ego, co-conspirator, successor, and/or predecessor in interest of other of the Defendants, and was acting within the course and scope of such agency, relationship, employment, and/or conspiracy, with the knowledge and approval, express or implied, of each of such other Defendants, at all times relevant to this Complaint.

**JURISDICTION AND VENUE**

15. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and under federal and state statutory and common law unfair competition. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, because ALO's claims arise, in part, under the Lanham Act, including federal trademark laws as codified in 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

16. Further, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Alo's claims arising under the laws of the State of New Jersey, as those pendent state law claims are so related to Alo's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

17. The Court has personal jurisdiction over Defendants because Forman Mills has a regular and established place of business in this District and because, on information and belief, all Defendants have engaged in business activities (including the sale, offer, and/or transportation of counterfeit products) in this District, directed business activities to consumers in this District, and/or committed unlawful acts with the knowledge that the effects of those acts would be felt by Alo in this District.

18. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391(b) because Forman Mills resides in this District (with its headquarters and several retail stores here), and a substantial part of the events or omissions giving rise to Alo's claims occurred in this District.

## GENERAL ALLEGATIONS

### A. Plaintiff's Distinctive ALO Brand and Registered ALO Marks

19. Alo is a California-based luxury apparel and health-and-wellness company. Its mission is to spread mindful movement, inspire wellness, and create community.

20. The ALO Brand was officially founded in Los Angeles, California in 2007 by Plaintiff's predecessor in interest. Since even before its founding, in 2006, Alo (through its predecessor in interest) has designed, marketed and sold premium apparel (among other things) under the ALO name and mark.

21. Over the past two decades, the ALO Brand has achieved significant commercial success as it has grown into a global luxury apparel, health and wellness company. Today, in the

United States and around the world, Alo is regarded and recognized as a premium apparel and health-and-wellness company, and as a global leader in luxury activewear design and fabrication.

22. Genuine Alo products are exclusively sold through Alo's ALO-branded website (located at www.aloyoga.com), its ALO-branded brick-and-mortar stores in the United States and abroad, and other authorized retailers, all of which use the ALO Marks, and in particular "ALO", prominently to sell and offer for sale any and all of Alo's products. Alo's product offerings encompass all kinds of athletic and leisure related clothing and accessories, including apparel of all kinds, sneakers, yoga mats, yoga straps, yoga blocks, socks, hats, hair accessories, bags, sunglasses, undergarments, and beauty and wellness products, among other things.

23. Alo's products are marketed using the ALO Marks, which are inherently distinctive designations of Alo as the source of Plaintiff's premium apparel, footwear, headwear, cosmetic and eyewear products, and indicate the high quality thereof. Because of the inherent distinctiveness of the ALO Marks, particularly Alo's fanciful house mark ALO, and the significant consumer recognition and goodwill associated therewith, Alo holds broad common law trademark rights in—and the ALO Marks are entitled to broad protection for—goods and services including, but not limited to, athletic and leisure apparel and accessories (including headwear, footwear and bags), eyewear and retail services for the same.

24. Alo is also the owner of statutory federal trademark rights in and to many of its ALO Marks, including most pertinently the word mark ALO for Class 25 apparel products and Class 35 retail store services. ALO has successfully registered (including via predecessors in interest) a number of the ALO Marks with the USPTO, including but not limited to the following:

| Reg. No. | Mark | Reg. Date | Class: Goods/Services Summary[1] |
|---|---|---|---|
| 3875869 | ALO | November 16, 2010 | 25: Apparel |
| 4519311 | ALO SPORT | April 22, 2014 | 25: Apparel |
| 5172308 | ALO YOGA | March 28, 2017 | 18: Bags<br>25: Apparel<br>28: Yoga Equipment |
| 5172309 | ALO | March 28, 2017 | 18: Bags<br>25: Apparel<br>28: Yoga Equipment |
| 6137833 | ALOSOFT | August 25, 2020 | 25: Apparel |
| 7334270 | ALO | March 26, 2024 | 35: Retail store and online retail and wholesale store services |
| 7804231 | ALO | May 20, 2025 | 25: Footwear |
| 8180701 | ALOSOFT | March 17, 2026 | 25: Apparel |
| 8316624 | ALOVERSARY | June 23, 2026 | 35: Retail store and online retail store services |

25. Alo is also the owner of a number of pending and allowed trademark applications at the USPTO for further ALO Marks, including the following:

| Serial No. | Mark | Filing Date | Notice of Allowance Date | Class: Goods/Services Summary |
|---|---|---|---|---|
| 98085815 | ALO | July 14, 2023 | August 13, 2024 | 25: Apparel |
| 98747035 | ALOLUX | September 12, 2024 | August 11, 2026 | 24: Fabrics<br>25: Apparel |

26. The current status and title information and relevant documents[2] maintained by the USPTO for each of the trademark registrations referenced in Paragraph 24 above (the "ALO

[1] The charts in this Complaint provide shorthand summaries of the relevant goods and services. Complete descriptions of the relevant goods and services are included in the attached status and title documents for each registration and application. *See* **Exhibits 1-11**.

[2] In addition to the status and title information provided by USPTO's Trademark Status and Document Retrieval database (https://tsdr.uspto.gov/), these exhibits include the Registration

Registrations") and for each of the USPTO-allowed applications referenced in Paragraph 25 above (the "ALO Applications") are attached hereto as **Exhibit 1** through **Exhibit 11**.

27. The ALO Registrations are currently valid and constitute *prima facie* evidence of the validity of—and Alo's exclusive rights to use and reproduce the ALO Marks covered by—those ALO Registrations, including most pertinently the word mark ALO for Class 25 apparel products and Class 35 retail store services.

28. Moreover, Reg. Nos. 3875869 (for the word mark ALO for clothing items in Class 25 with a date of first use of 2006) and 5172309 (for the word mark ALO for *inter alia* clothing items), as well as Reg. Nos. 4519311, 5172308, and 6137833, have each become incontestable pursuant to 15 U.S.C. § 1065, and therefore constitute *conclusive* evidence of the validity of, and Alo's exclusive rights to use, the ALO Marks.

**B. Defendants' Infringement and Unlawful Sale of Counterfeit ALO Products**

29. Beginning at a time that is currently unknown to Alo, and without Alo's consent or authorization, Defendants began and today continue offering for sale, facilitating the sale of, and/or selling various apparel products using and/or bearing unauthorized reproductions, counterfeits, copies, colorable imitations, and/or confusingly similar variations of the ALO Marks, despite those products having not been manufactured by Alo and/or any of its authorized manufacturers (collectively the "Counterfeit ALO Products").

30. Forman Mills has sold and is selling Counterfeit ALO Products at several of its retail store locations. Alo has so far confirmed, including with test purchases, that Defendants are selling Counterfeit ALO Products in at least eighteen Forman Mills retail store locations, with this

---

Certificates for each of the ALO Registrations (**Exhibit 1** through **Exhibit 9**), the Notice of Acknowledgment and Receipt for the incontestable registrations (**Exhibit 1** through **Exhibit 5**), and the Notice of Allowance for the ALO Applications (**Exhibit 10** and **Exhibit 11**).

widespread sale of Counterfeit ALO Products ongoing in at least New Jersey, Delaware, Illinois, Maryland, and Pennsylvania.

31. In addition to selling Counterfeit ALO Products at Forman Mills retail locations, on information and belief, Forman Mills also is promoting its sale of Counterfeit ALO Products online, and further appears to be promoting its sale of Counterfeit ALO Products through influencer advertising on social media.

32. Plaintiff's investigation is ongoing, and Alo will amend this Complaint to name the further DOE Defendants participating in or facilitating Forman Mills' sale of Counterfeit ALO Products as their identities are revealed through discovery.

***Sale of Counterfeit ALO Products in New Jersey***

33. On October 14 and 15, 2026, representatives of Alo investigated and made in-person purchases of Counterfeit ALO Products at four Forman Mills retail store locations in New Jersey, which upon information and belief are owned and operated by Defendants, specifically:

**(1)** 585 Main Street or 585 Dr. Martin Luther King Blvd., East Orange, NJ 07018 (the "East Orange, NJ Forman Mills") (*see* https://formanmills.com/stores/east-orange/);

**(2)** 647 Newark Ave, Elizabeth, NJ 07208 (the "Elizabeth, NJ Forman Mills") (*see* https://formanmills.com/stores/elizabeth/);

**(3)** 1556 North Olden Avenue, Trenton, NJ 08638 (the "Trenton, NJ Forman Mills") (*see* https://formanmills.com/stores/ewing/); and

**(4)** Botany Plaza, 24-34 Barbour Ave, Passaic, NJ 07055 (the "Passaic, NJ Forman Mills") (*see* https://formanmills.com/stores/passaic-nj-coming-soon/).

34. Numerous similarly-branded ALO products (with use of the ALO Marks on the products, hangtags, etc.) were on display for sale by Defendants at the time of purchase, including on racks with top-mounted signs displaying the ALO Brand, as shown in the following exemplary images (true and correct copies of pictures of Counterfeit ALO Products purchased from and/or displayed at each store):

| **Counterfeit ALO Product Purchased from East Orange, NJ Forman Mills** | **Counterfeit ALO Product Purchased from Trenton, NJ Forman Mills** |
| --- | --- |
|  |   |

| Counterfeit ALO Products Displayed at Elizabeth, NJ Forman Mills | Counterfeit ALO Products Displayed at Passaic, NJ Forman Mills |
|---|---|
|  |  |

35. The purchased products, as sold by Defendants, each bore at least one ALO Mark and falsely purported to be an authentic Alo apparel item. Alo's representatives inspected the purchased products (including shorts, hooded sweatshirts, and other apparel items) and confirmed that each is counterfeit.

36. Sales receipts for Alo's test purchases in New Jersey reflect that Forman Mills is selling Counterfeit ALO Products for significantly less than genuine Alo products. Defendants' sale of cheaper, low-quality duplicates of Alo's products is both undercutting Alo's genuine sales and damaging Plaintiff's goodwill in its ALO Brand and ALO Marks, which consumers buying the Counterfeit ALO Products will associate with those unauthorized products of poor quality.

***Sale of Counterfeit ALO Products in Delaware***

37. On October 8, 2026, a representative of Alo investigated and made in-person purchases of Counterfeit ALO Products at a Forman Mills retail store location in Delaware, which upon information and belief is owned and operated by Defendants, specifically: 4411 North

Market Street, Wilmington, DE 19802 (the "Wilmington, DE Forman Mills") (*see* https://formanmills.com/stores/wilmington/).

38. Numerous similarly-branded ALO products (with use of the ALO Marks on the products, hangtags, etc. as in the examples shown below) were on display for sale by Defendants at the time of purchase. The following are true and correct photos of some of the Counterfeit ALO Products purchased on behalf of Alo from Defendants' Wilmington, DE Forman Mills store:

| Counterfeit ALO Products from Wilmington, DE Forman Mills |
|---|
|  |





71590/0001-54371602v2

| Counterfeit ALO Products from Wilmington, DE Forman Mills |
| --- |
|  |





71590/0001-54371602v2

**Counterfeit ALO Products from Wilmington, DE Forman Mills**






















71590/0001-54371602v2

39. As shown above, the purchased products, as sold by Defendants, each bore at least one of the ALO Marks and falsely purported to be an authentic Alo apparel item. Alo's representative inspected the purchased products (including sweatpants, a hooded sweatshirt, black leggings, sweat shorts, and bike shorts) and confirmed that each is counterfeit.

40. Sales receipts for Alo's test purchases in Delaware reflect that Forman Mills is selling Counterfeit ALO Products for significantly less than genuine Alo products. Defendants' sale of cheaper, low-quality duplicates of Alo's products is both undercutting Alo's genuine sales and damaging Plaintiff's goodwill in its ALO Brand and ALO Marks, which consumers buying the Counterfeit ALO Products will associate with those unauthorized products of poor quality.

***Sale of Counterfeit ALO Products in Illinois***

41. On October 8, 2026, a representative of Alo investigated and made in-person purchases of Counterfeit ALO Products at four Forman Mills retail store locations in Illinois, which upon information and belief are owned and operated by Defendants, specifically:

**(1)** 250 W. North Ave., Suite 200, Villa Park, IL, 60181 (the "Villa Park, IL Forman Mills") (*see* https://formanmills.com/stores/villa-park/);

**(2)** 7503 Cermak Road, North Riverside, IL, 60546 (*see* https://formanmills.com/stores/north-riverside/);

**(3)** 1450 N. Cicero Avenue, Chicago, IL, 60651 (the "Chicago, IL Forman Mills") (*see* https://formanmills.com/stores/chicago-3/); and

**(4)** Burbank Mall, 4829 W. 77th Street, Burbank, IL 60459 (*see* https://formanmills.com/stores/burbank/).

42. Numerous similarly-branded ALO products (with use of the ALO Marks on the products, hangtags, etc. as in the examples shown above and below) were on display for sale by

Defendants at the time of purchase, including on racks with top-mounted signs displaying the ALO Brand, as shown in the following exemplary images from the Villa Park, IL Forman Mills store (all true and correct copies of pictures of Counterfeit ALO Products displayed at that store):

**Counterfeit ALO Products Displayed at Villa Park, IL Forman Mills**






71590/0001-54371602v2

**Counterfeit ALO Products Displayed at Chicago, IL Forman Mills**




43. The purchased products, as sold by Defendants, each bore at least one ALO Mark and falsely purported to be an authentic Alo apparel item. Alo's representative inspected the purchased products (including a shirt, shorts, and yoga pants) and confirmed that each is counterfeit.

44. Sales receipts for Alo's test purchases in Illinois reflect that Forman Mills is selling Counterfeit ALO Products for significantly less than genuine Alo products. Defendants' sale of cheaper, low-quality duplicates of Alo's products is both undercutting Alo's genuine sales and damaging Plaintiff's goodwill in its ALO Brand and ALO Marks, which consumers buying the Counterfeit ALO Products will associate with those unauthorized products of poor quality.

***Sale of Counterfeit ALO Products in Maryland***

45. On October 8 and 9, 2026, representatives of Alo investigated and made in-person purchases of Counterfeit ALO Products at six Forman Mills retail store locations in Maryland, which upon information and belief are owned and operated by Defendants, specifically:

**(1)** 3745 Branch Ave. or 3737 Branch Ave, Iverson Mall, Hillcrest Heights, MD 20748 (the "Hillcrest Heights, MD Forman Mills") (*see* https://formanmills.com/stores/iverson-mall/);

**(2)** 2501 Belair Rd., Baltimore, MD 21213 (the "Baltimore, MD Forman Mills") (*see* https://formanmills.com/stores/baltimore/);

**(3)** 8401 Annapolis Rd., New Carrollton, MD 20784 (the "New Carrollton, MD Forman Mills") (*see* https://formanmills.com/stores/new-carrollton/);

**(4)** 7702 Marlboro Pike, Forestville Plaza, Forestville, MD 20747 (*see* https://formanmills.com/stores/forestville/);

**(5)** 5425 Baltimore National Pike, Catonsville, MD 21229 (*see* https://formanmills.com/stores/catonsville/); and

**(6)** 4800 Indian Head Highway, Oxon Hill, MD 20745 (*see* https://formanmills.com/stores/oxon-hill-md-coming-soon/).

46. Numerous similarly-branded ALO products (with use of the ALO Marks on the products, hangtags, etc.) were on display for sale by Defendants at the time of purchase, including on racks with top-mounted signs displaying the ALO Brand, as shown in the following exemplary images from the Hillcrest Heights, MD Forman Mills store, Baltimore, MD Forman Mills store, and New Carrollton, MD Forman Mills store (true and correct copies of pictures of the store are followed by true and correct copies of pictures of Counterfeit ALO Products displayed at each):

**Exterior of Hillcrest Heights, MD Forman Mills**




**Counterfeit ALO Products Displayed at Hillcrest Heights, MD Forman Mills**






| Exterior of Baltimore, MD Forman Mills |
| --- |
|  |
| **Counterfeit ALO Products Displayed at Baltimore, MD Forman Mills** |
|  |



71590/0001-54371602v2

| Exterior of New Carrollton, MD Forman Mills |
| --- |
|  |
| **Counterfeit ALO Products Displayed at New Carrollton, MD Forman Mills** |
|  |



71590/0001-54371602v2

47. The purchased products, as sold by Defendants, each bore at least one ALO Mark and falsely purported to be an authentic Alo apparel item. Alo's representatives inspected the purchased products (including a tank top, shorts, bike shorts, sweat shorts, sweatpants, hooded sweatshirts, and leggings) and confirmed that each is counterfeit.

48. Sales receipts for Alo's test purchases in Maryland reflect that Forman Mills is selling Counterfeit ALO Products for significantly less than genuine Alo products. Defendants' sale of cheaper, low-quality duplicates of Alo's products is both undercutting Alo's genuine sales and damaging Plaintiff's goodwill in its ALO Brand and ALO Marks, which consumers buying the Counterfeit ALO Products will associate with those unauthorized products of poor quality.

***Sale of Counterfeit ALO Products in Pennsylvania***

49. On October 8 and 9, 2026, representatives of Alo investigated and made in-person purchases of Counterfeit ALO Products at three Forman Mills retail store locations in Pennsylvania, which upon information and belief are owned and operated by Defendants, specifically:

**(1)** 4806 Market St., Philadelphia, PA 19139 (the "West Philadelphia, PA Forman Mills") (*see* https://formanmills.com/stores/west-philadelphia/);

**(2)** Station Plaza, 2900 N. Broad St., Philadelphia, PA 19132 (the "North Philadelphia, PA Forman Mills") (*see* https://formanmills.com/stores/north-philadelphia-coming-soon/);

**(3)** 140 N. MacDade Blvd., Glenolden, PA 19036 (*see* https://formanmills.com/stores/glenolden/);

50. Numerous similarly-branded ALO products (with use of the ALO Marks on the products, hangtags, etc.) were on display for sale by Defendants at the time of purchase, including

on racks with top-mounted signs displaying the ALO Brand, as shown in the following exemplary images from the West Philadelphia, PA Forman Mills store and the North Philadelphia, PA Forman Mills store (true and correct copies of pictures of Counterfeit ALO Products displayed at each store, with a close-up image of a hangtag shown in the latter):

**Counterfeit ALO Products Displayed at West Philadelphia, PA Forman Mills**






71590/0001-54371602v2

**Counterfeit ALO Products Displayed at North Philadelphia, PA Forman Mills**







51. The purchased products, as sold by Defendants, each bore at least one ALO Mark and falsely purported to be an authentic Alo apparel item. Alo's representative inspected the purchased products (including tank tops, leggings, sweatshirts, bike shorts, sweat shorts, athletic shorts, and sweatpants) and confirmed that each is counterfeit.

52. Sales receipts for Alo's test purchases in Pennsylvania reflect that Forman Mills is selling Counterfeit ALO Products for significantly less than genuine Alo products. Defendants' sale of cheaper, low-quality duplicates of Alo's products is both undercutting Alo's genuine sales and damaging Plaintiff's goodwill in its ALO Brand and ALO Marks, which consumers buying the Counterfeit ALO Products will associate with those unauthorized products of poor quality.

53. Upon information and belief, including based on the widespread nature of Defendants' unlawful sale and offering for sale of Counterfeit ALO Products in Forman Mills stores across at least five states as detailed above, Defendants' unlawful sale and offering for sale of such Counterfeit ALO Products was either knowing and intentional, or undertaken with willful ignorance of the counterfeit nature of the products.

**C. Consumer Confusion and Harm Caused By Defendants' Infringement and Unlawful Sale of Counterfeit ALO Products**

54. Defendants do not have the authority to use the ALO Marks or any other trademarks confusingly similar to the ALO Marks in connection with their Counterfeit ALO Products and/or any other goods or services, including but not limited to retail store services, nor are Defendants affiliated with, sponsored by, or otherwise known as Alo.

55. Alo has not authorized Defendants to market or sell any apparel or other products of any kind using the ALO Marks in any manner. The Counterfeit ALO Products are not manufactured by Alo or any of its authorized manufacturers and not manufactured in accordance with Alo's own stringent quality controls but are instead manufactured outside of Alo's knowledge and control, using unknown materials, in unknown locations and with unknown manufacturing requirements and controls.

56. The Counterfeit ALO Products sold by Defendants are also of a substantially lower quality than Alo's genuine Alo products.

57. Upon information and belief, Defendants are actively using, promoting, and otherwise advertising, distributing, selling and/or offering for sale Counterfeit ALO Products (bearing unauthorized reproductions of the ALO Marks) (collectively, the "<u>Infringing and</u>

Counterfeit Activities") *with the intent* that such goods will be mistaken for genuine Alo products, despite Defendants' knowledge that they do not have authority to use the ALO Marks.

58. As a result of Defendants' activities (the Infringing and Counterfeit Activities), there is a high likelihood of confusion between the Counterfeit ALO Products sold by Defendants, on the one hand, and genuine Alo products originating from Alo, on the other hand. The Infringing and Counterfeit Activities are highly likely to deceive consumers into believing that they are purchasing products that originate with and/or are somehow authorized by Alo (in accordance with its quality control standards) when, in fact, they are not.

59. These Infringing and Counterfeit Activities cause irreparable harm to Alo, the value of the ALO Marks and the goodwill associated therewith. Purchasers and prospective purchasers of genuine Alo products who mistakenly purchase or encounter these Counterfeit ALO Products are likely to attribute any perceived or actual defect, low quality, or any other irregularity to Alo to the detriment of Alo's business, its reputation and the value of the ALO Marks and the goodwill associated therewith, all of which rely on Alo's exclusive use of its ALO Marks and control over the quality of any goods or services offered using its ALO Marks in U.S. commerce.

60. The ongoing and continuous harm caused by Defendants' Infringing and Counterfeit Activities causes confusion and disappointment to consumers due to the inferior quality of the Counterfeit ALO Products sold by Defendants which create the false representation (through the use of the registered ALO Marks for identical apparel goods, as registered by Alo with incontestable ALO Registrations of the ALO mark for those apparel goods in Class 25) that the Counterfeit ALO Products originate with Alo and/or are somehow affiliated with Alo through sponsorship, authorization, and/or approval by Alo, even though no such relationship, sponsorship or authorization exists.

61. Defendants' Infringing and Counterfeit Activities (including their unauthorized use of the ALO Marks) began after Alo legally established the existence and significant value of such ALO Marks and the goodwill arising therefrom, including after Alo's adoption and use of the ALO Marks and after Alo obtained one or more of the United States trademark registrations listed above, i.e. the ALO Registrations.

62. Defendants' unlawful conduct has caused monetary harm to Alo, as well as irreparable harm to Alo's reputation, its ALO Brand, the ALO Marks, and the goodwill arising therefrom. Without court intervention, Defendants will continue to sell products that infringe on the ALO Marks, to Alo's detriment and to the detriment of deceived consumers.

**FIRST CLAIM FOR RELIEF**

**Federal Trademark Infringement – Counterfeit Goods**

**15 U.S.C. § 1114(1)**

63. Alo repeats, realleges, and incorporates by reference each and every allegation contained in the preceding and foregoing paragraphs, inclusive, as though set forth in full.

64. As alleged herein, Plaintiff Alo is the exclusive owner of the valid ALO Marks for use in connection with its registered goods and services, including but not limited to various apparel goods as well as retail store services as shown in the ALO Registrations.

65. Defendants, without Alo's authorization, have used, are continuing to use, and on information and belief will continue to use the ALO Marks and/or trademarks that are a colorable imitation thereof, in commerce on or in connection with the sale, offering for sale, distribution, promotion, and/or advertising of their goods and services, and such use is likely to cause confusion, or to cause mistake, or to deceive consumers as to the source of those goods and services, including the Counterfeit ALO Products.

66. Upon information and belief, Defendants' Infringing and Counterfeit Activities have been committed willfully and with knowledge of Alo's exclusive rights and goodwill in the ALO Marks, as well as with bad faith and the intent to cause confusion or mistake, and/or otherwise to deceive the public as to the source of the goods/services offered by Defendants.

67. Alo alleges, on information and belief, that Defendants derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not yet ascertainable, but that will be determined during this action or is to be considered in relation to a request for statutory damages. In addition to injunctive relief, then, ALO is also entitled to recover Defendants' profits in an amount to be proved at trial as a consequence of Defendants' Infringing and Counterfeit Activities.

68. As a result of Defendants' unauthorized use of the ALO Marks to promote the sale or distribution of identical goods to genuine Alo goods, Alo has suffered and will continue to suffer substantial and irreparable injury, loss, and damage to its rights in and to the ALO Marks and the goodwill associated therewith, for which it has no adequate remedy at law.

69. As a result of the Infringing and Counterfeit Activities of Defendants, Alo has suffered and will continue to suffer losses, including loss of business opportunities, and, if not permanently enjoined, Defendants will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of their acts and infringement.

70. Defendants' Infringing and Counterfeit Activities alleged herein constitute federal trademark infringement and counterfeiting of Alo's federally registered ALO Marks pursuant to and in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

71. Alo has no adequate remedy at law for the irreparable harm caused by Defendants' Infringing and Counterfeit Activities, such that Alo is entitled to preliminary and permanent

injunctive relief against further infringing conduct, as well as monetary damages and other remedies pursuant to 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

72. Further, Defendants' conspicuous and identical reproduction of the ALO Marks on goods identical to Alo's genuine apparel goods—i.e. Defendants' spurious designation of their Counterfeit ALO Products using the ALO Marks—constitutes willful infringement and knowing use by Defendants of at least one "counterfeit mark" as defined in 15 U.S.C. § 1116(d)(1)(B). As such, Alo reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) or (2).

73. Alo alleges on information and belief that Defendants knowingly and willingly engaged in the acts complained of above with oppression, fraud, malice, and in conscious disregard of Alo's federal trademark rights. In the event Alo elects an award of statutory damages, Alo is, therefore, entitled to the maximum statutory damages allowable.

## SECOND CLAIM FOR RELIEF

## Federal False Designation of Origin and Unfair Competition – Counterfeit Goods

## 15 U.S.C. § 1125(a)(1)(A) and (B)

74. Alo repeats, realleges, and incorporates by reference each and every allegation contained in the preceding and foregoing paragraphs, inclusive, as though set forth in full.

75. Defendants' acts as alleged herein constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B).

76. In connection with their goods and services, including the Counterfeit ALO Products, Defendants, without authorization, have used and continue to use in U.S. commerce the ALO Marks and/or trademarks confusingly similar thereto in a manner that constitutes false

designation of origin and/or sponsorship of such goods and services (including the Counterfeit ALO Products), and that constitutes a false or misleading representation of fact and unfair competition.

77. Such conduct is likely to cause confusion or mistake, or otherwise to deceive consumers as to the affiliation, connection, or association of Defendants with Alo and/or as to the origin, sponsorship, affiliation, or approval of Defendants' Counterfeit ALO Products and/or any of Defendants' other goods or services or commercial activities.

78. Upon information and belief, Defendants' acts have been committed willfully and with knowledge of Alo's exclusive rights and goodwill in the ALO Marks, as well as with bad faith and the intent to cause confusion or mistake, and/or to deceive consumers.

79. Alo alleges, on information and belief, that Defendants derived, received, and will continue to derive and receive from the aforesaid acts of infringement and counterfeiting, gains, profits and advantages in an amount not yet ascertainable, but that will be determined during this action or is to be considered in relation to a request for statutory damages.

80. As a result of the acts of Defendants, Alo has been irreparably harmed. If Defendants are not enjoined from their wrongful conduct constituting false designation of origin, false or misleading representation of fact, and unfair competition as described herein, Alo will continue to suffer substantial and irreparable injury, loss, and damage to its rights in and to the ALO Marks and the goodwill associated therewith, for which it has no adequate remedy at law.

81. As a result of the acts of Defendants, Alo has suffered and will continue to suffer losses, including loss of business opportunities, and, if not permanently enjoined, Defendants will have unfairly derived and will continue unfairly to derive income, profits, and business opportunities as a result of its acts and infringement.

82. As the acts alleged herein violate the Lanham Act, 15 U.S.C. § 1125(a), and as Alo has no adequate remedy at law, Alo is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

## THIRD CLAIM FOR RELIEF

### New Jersey Common Law Trademark Infringement and Unfair Competition

83. Alo repeats, realleges, and incorporates by reference each and every allegation contained in the preceding and foregoing paragraphs, inclusive, as though set forth in full.

84. Defendants' actions and conduct as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with ALO, and as to the origin of Defendants' goods and services, and ALO's apparent sponsorship or approval of Defendants' goods and services. Defendants' unauthorized actions and conduct thus constitute direct infringements of ALO's federal and common law trademarks in violation of New Jersey common law, as well as constitute unfair competition under New Jersey common law.

85. Upon information and belief, Defendants' acts have been committed willfully and with knowledge of Alo's exclusive rights and goodwill in the ALO Marks, as well as with bad faith and the intent to cause confusion or mistake, and/or to deceive consumers.

86. Alo alleges, on information and belief, that Alo has suffered actual damages including but not limited to lost sales and harm to business reputation, and Defendants have been unjustly enriched, including that Defendants have derived, received, and will continue to derive and receive from the aforesaid acts of unfair competition, gains, profits and advantages in an

amount not yet ascertainable, but that will be determined during this action or is to be considered in relation to a request for statutory damages.

87. Defendants, unless restrained and enjoined by this Court, have caused and will continue to cause irreparable harm to ALO by their acts of unfair competition, including but not limited to injury to ALO's goodwill and business reputation.

88. ALO has suffered, is suffering, and will continue to suffer irreparable injury for which ALO has no adequate remedy at law. ALO is therefore entitled to a preliminary and permanent injunction against further infringing conduct by Defendants.

**FOURTH CLAIM FOR RELIEF**

**New Jersey Statutory Trademark Infringement and Counterfeiting**

**N.J.S.A. § 56:3-13.16**

89. Alo repeats, realleges, and incorporates by reference each and every allegation contained in the preceding and foregoing paragraphs, inclusive, as though set forth in full.

90. As alleged herein, Plaintiff Alo is the exclusive owner of the valid ALO Marks for use in connection with its registered goods and services, including but not limited to various apparel goods as well as retail store services as shown in the ALO Registrations. The ALO Marks are marks owned by Alo that are protected at common law and registered under federal law.

91. Without ALO's consent, Defendants engaged in acts including the Infringing and Counterfeiting Activities, using reproductions, counterfeits, copies, or colorable imitations of the ALO Marks in connection with the sale, distribution, offering for sale, or advertising in New Jersey of apparel and retail store services, in a manner likely to cause confusion or mistake or to deceive as to the source of origin of the goods and services.

92. Upon information and belief, Defendants acted with the intent to cause confusion, mistake, or to deceive.

93. Defendants' conduct and the Infringing and Counterfeit Activities violate N.J. Stat. Ann. § 56:3-13.16. Pursuant to New Jersey law, ALO is thus entitled to a temporary restraining order and injunction, to Defendants' profits and/or ALO's damages, to destruction of the Counterfeit ALO Products, and, because Defendants acted with knowledge, in bad faith, or egregiously, to treble profits or damages and to reasonable attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**

**New Jersey Statutory Unfair Competition**

**N.J.S.A. § 56:4-1**

94. ALO repeats and incorporates by reference each and every allegation contained in the foregoing paragraphs, inclusive, as though set forth in full.

95. Plaintiff Alo owns the ALO Marks, which are valid, legally protectable, and have acquired goodwill and recognition in the marketplace. Alo is further the maker of genuine apparel products and provider of genuine retail store services in connection with the ALO Marks, in which the ALO name, brand, trademark, reputation, and goodwill reside.

96. One or more of the Defendants, including specifically Forman Mills, is a merchant that deals in purported Alo products and has appropriated for its own use the ALO name, brand, trademark, reputation, and goodwill by offering for sale and selling counterfeit goods bearing the ALO Marks in New Jersey, in a manner likely to cause confusion as to source.

97. Defendants' acts alleged herein, including the Infringing and Counterfeit Activities, are likely to cause confusion and mistake, and to deceive consumers as to the source or origin of Defendants' goods and/or services, such that consumers are likely to believe that Defendants

and/or their goods and/or services are sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Alo, which harms Plaintiff's business and reputation.

98. Defendants' acts of misleading consumers into believing that their goods (including the Counterfeit ALO Products) and/or services originated from or were affiliated with Alo when that is false constitute acts of unfair competition, misappropriation, passing off, unprivileged imitation, and infringement, which acts are in violation of the New Jersey Fair Trade Act, N.J.S.A. § 56:4-1.

99. Defendants' conduct causes immediate irreparable harm to Plaintiff, including but not limited to injury to ALO's goodwill and business reputation.

100. ALO has suffered, is suffering, and will continue to suffer irreparable injury for which ALO has no adequate remedy at law, and unless Defendants are enjoined, Defendants' conduct will continue to cause Plaintiff irreparable harm.

101. Plaintiff has been and will continue to be harmed by Defendants' conduct in an amount subject to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

1. For entry of judgment in favor of Alo and against Defendants on each of Alo's claims for relief alleged in this Complaint;

2. That this Court grant preliminary and permanent injunctive relief enjoining and restraining Defendants, their owners, officers, directors, partners, agents, servants, employees, licensees, distributors, affiliates, representatives, and all those in privity or acting in concert with Defendants or on their behalf, from directly or indirectly:

A. Selling, offering to sell, advertising, displaying, or otherwise using any of the ALO Marks, any derivative thereof, or any other mark, source identifier or designation (i.e.

any term, mark, logo trade name, Internet domain name, or any other symbol of origin) that is similar thereto—alone or in combination with other words, names, styles, titles, designs or marks—in connection with the sale, advertising, marketing and promotion of any goods and/or services, including without limitation, Counterfeit ALO Products;

B. Representing or implying that Defendants and/or Forman Mills stores are in any way sponsored by, affiliated with, endorsed by or licensed by ALO; and

C. Otherwise using any words, names, designs, titles or marks that create a likelihood of confusion with any of ALO's trademarks, i.e. using in any other way any other mark or designation so similar to any of the ALO Marks as to be likely to cause confusion, mistake or deception as to an affiliation, connection, sponsorship or endorsement of Defendants and/or their products or services by or with Alo;

3. That this Court order that Defendants and all others acting under Defendants' authority, at their own cost, to deliver for destruction any and all Counterfeit ALO Products and/or products in Defendants' possession that infringe on the ALO Marks pursuant to 15 U.S.C. § 1118, as well as deliver to Alo's attorneys within thirty (30) days after the entry of any injunction, to be impounded or destroyed by Alo, all graphics, literature, signs, labels, prints, packages, wrappers, containers, advertising and promotional materials, products and any other written materials or items in Defendants' possession or control that bear the aforesaid infringing mark, together with all means and materials for making or reproducing the same, pursuant to 15 U.S.C. § 1118, and other applicable laws;

4. That this Court order Defendants to file with the Clerk of this Court and serve Alo, within thirty (30) days after the entry of any injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 2 through 3 above;

5. Pursuant to 15 U.S.C. § 1116, including upon *ex parte* application, an order for the seizure of goods and counterfeit marks, and records documenting the manufacture, sale, or receipt of things involved in trademark violations;

6. For purposes of equitable relief, an order requiring that Defendants provide complete and accurate accountings of any ill-gotten gains or illegal transactions entered into from the infringement of the ALO Marks or any other gains, profits and advantages derived by Defendants from their unlawful activities alleged herein;

7. For an order that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession that rightfully belong to Alo;

8. For a determination that Defendants' acts of trademark infringement and counterfeiting constitute cases of willful and exceptional infringement;

9. For Alo's actual damages as a result of Defendants' unlawful conduct, as well as any profits that are attributable to the alleged conduct and are not otherwise taken into account in the computing of Alo's actual damages, and the costs of the action under 15 U.S.C. § 1117, all trebled on account of willful infringement and counterfeiting;

10. In the alternative to disgorgement of Defendants' profits and/or Alo's damages, an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of $2,000,000.00 for each of the counterfeited trademarks willfully utilized by Defendants per type of goods and services sold, offered for sale, or distributed;

11. For maximum statutory damages available under the law to the extent Alo elects statutory damages for any claim for relief;

12. For an award of Alo's reasonable attorneys' fees, costs and expenses, including expert witness fees, incurred in this action to the fullest extent available under the law;

13. For treble, exemplary, and/or enhanced damages to the fullest extent available under the law;

14. Find that Defendants' conduct was willful and that this case is exceptional pursuant to 15 U.S.C. § 1117, and award reasonable attorneys' fees;

15. Grant Alo any and all further relief provided pursuant to N.J.S.A. §§ 56:3-13.16 and 56:4-2, including treble profits or damages and reasonable attorneys' fees and costs;

16. For an award to Plaintiff ALO pre- and post-judgment interest at the highest rate allowed by law, including as an exceptional case and/or pursuant to 28 U.S.C. § 1961;

17. For any additional injunctive, specific performance, and/or other provisional remedies, as appropriate; and

18. For such other and further relief as this Court shall deem just and proper.

**DEMAND FOR JURY TRIAL**

Alo hereby demands trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38(b).

Dated: October 16, 2026

Respectfully submitted,

**COLE SCHOTZ P.C.**
*Attorneys for Plaintiff, ALO, LLC*

By: */s/ Michael R. Yellin*
Michael R. Yellin, Esq.

**RUTAN & TUCKER, LLP**
*Attorneys for Plaintiff, ALO, LLC*

By: /s/ *Meredith L. Williams*
Meredith L. Williams (*pro hac vice* forthcoming)